**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

WAYNE B. UPSHAW,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 09-664 (CKK)

**MEMORANDUM OPINION**
(November 16, 2009)

Plaintiff, Wayne B. Upshaw, a former employee of the Library of Congress ("Library"), has

filed suit alleging that three former co-workers made defamatory statements about him during the

course of an Equal Employment Opportunity ("EEO") investigation into charges of discrimination.

Plaintiff, representing himself *pro se*, originally filed this suit as a state-law tort action against the

three employees in their individual capacities in the Superior Court for the District of Columbia.

The Chief of the Civil Division in the Office of the United States Attorney for the District of

Columbia subsequently certified pursuant to 28 U.S.C. § 2679(d) that the individuals were acting

within the scope of their employment as employees of the United States at the time of the alleged

incident.  As a consequence, the United States was substituted as the sole defendant, the action was

converted into one brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*

(hereinafter, the "FTCA"), and the case was removed to this Court.

Shortly thereafter, the United States filed its now-pending [13] Motion to Dismiss, or in the

Alternative, for Summary Judgment.  In response, Plaintiff filed a [17] Motion for Leave to Amend

the Amended Complaint and for Transfer to the Superior Court of the District of Columbia, which

is also currently pending before the Court.  Upon consideration of the parties' submissions, the

applicable case law and statutory authority, and the record of this case as a whole, the Court

concludes that the United States is the proper defendant in this case and that Plaintiff's action must

be brought under the FTCA.  Moreover, because the United States has not waived its sovereign

immunity for claims arising out of defamation and because Plaintiff has failed to exhaust his

administrative remedies as required, Plaintiff's suit must be dismissed pursuant to Federal Rule of

Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction.  Accordingly, the United

States' [13] Motion to Dismiss pursuant to Rule 12(b)(1) is GRANTED, and Plaintiff's [17] Motion

for Leave to Amend the Amended Complaint and for Transfer to the Superior Court of the District

of Columbia is DENIED, for the reasons that follow.[1]

## I.  BACKGROUND

Plaintiff is a former employee of the Congressional Research Service ("CRS"), a unit within

the Library of Congress.  Amended Complaint, Docket No. [10], ¶ 1 (hereinafter "Am. Compl.").

He served as the Deputy Assistant Director for the Government and Finance Division ("Division")

within CRS from November 13, 2006 through October 12, 2007, at which time he was involuntarily

separated from the Library.  *Id.* ¶¶ 1-2; *see also* Docket No. [6-2] (Plaintiff's 11/7/07 EEO

Complaint) (hereinafter "EEO Complaint").[2]  Shortly thereafter, in November of 2007, Plaintiff

---

[1] Because the Court finds that Plaintiff's claims must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), it does not reach the United States' arguments in the alternative that Plaintiff's claims must also be dismissed under Rule 12(b)(6) for failure to state a claim or that the United States is entitled to summary judgment under Rule 56.

[2] It is well established that a motion to dismiss pursuant to Rule 12(b)(1) can refer to material outside of the pleadings without being converted into a motion for summary judgment. *See, e.g., Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992) ("where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in

filed an EEO complaint alleging that the Library had discriminated against him by failing to convert

him to a permanent employee because of his race and retaliation.  *See* EEO Complaint.  Pursuant to

the applicable Library of Congress Regulations, the Library initiated an investigation of the

allegations asserted in Plaintiff's EEO Complaint.  *See* Am. Compl. ¶ 3; Docket No. [6-3], (copy of

Library of Congress Regulation 2010-3.1, Resolution of Problems, Complaints, and Charges of

Discrimination in Library Employment and Staff Relations Under the Equal Employment

Opportunity program) (hereinafter "LCR 2010-3.1"), § 8) (requiring inquiry and investigation into

EEO complaints received by the Library).

During the EEO investigation that followed, an EEO investigator interviewed and took

statements from: (1) Robert J. Dilger, Deputy Assistant Director of the Division and Plaintiff's

direct supervisor; (2) Jane G. Gravelle, a Senior Specialist in the Division and Plaintiff's

subordinate; (3) Marc Labonte, a Specialist in the Division and Plaintiff's subordinate (collectively,

"individual Federal Defendants").  Am. Compl. ¶ 3.  The relevant Library regulations obligated the

individual Federal Defendants, as employees of the Library, to cooperate with the investigation.  *See*

LCR 2010-3.1, § 8.F ("In carrying out their responsibilities under [] Section  [8: Investigations of

Complaints], the Assistant Chief, Officers, Investigators, and Library officials shall have the full

cooperation of all staff. . . .").

On February 13, 2009, Plaintiff, representing himself *pro se*, filed suit against the individual

Federal Defendants alleging that they had made defamatory statements during the course of the EEO

---

the record, or the complaint supplemented by undisputed facts plus the court's resolution of
disputed facts"); *Bonterra Am., Inc. v. Bestmann*, 907 F. Supp. 4, 5 n. 1 (D.D.C. 1995) (noting
that, "[i]n deciding a motion to dismiss a case for lack of subject matter jurisdiction, the Court
may consider evidentiary matters outside the pleadings").

investigation.  *See* Docket No. [1-1], at 10-15 (Complaint) (hereinafter "Compl.").  According to

Plaintiff, the individual Federal Defendants falsely suggested to the EEO investigator that Plaintiff

had "abused his discretionary authority" as a Deputy Assistant Director within CRS in order to

"promote a personal agenda" — *i.e.*, to influence or pressure employees to reach research outcomes

consistent with his own personal preferences.  *See* Am. Compl. ¶ 7.  Plaintiff asserts that these

allegedly defamatory statements played a significant role in preventing him from being re-instated

as a permanent Library employee.  *Id.* ¶¶ 3, 4.

      As explained above, Plaintiff's suit was originally filed against the individual Federal

Defendants in their individual capacities in the Superior Court for the District of Columbia.  *See*

*generally* Compl.  On April 3, 2009, the Chief of the Civil Division in the Office of the United

States Attorney for the District of Columbia certified that the individual Federal Defendants were

acting within the scope of their employment as employees of the United States at the time of the

alleged incidents, pursuant to 28 U.S.C. § 2679(d).  *See* Docket No. [1-1] at 4 (28 U.S.C. § 2679(d)

Certification by Rudolph Contreras, Chief of the Civil Division, Office of the United States

Attorney for the District of Columbia) (hereinafter "Westfall Certification").  Based on this

Certification, the individual Federal Defendants removed the case to this Court on April 9, 2009,

and filed a consolidated Motion to Dismiss and Motion to Substitute the United States as the Sole

Defendant.  *See* Not. of Removal, Docket No. [1]; Defs.' Mot. to Dismiss and Mot. to Substitute the

United States as the Sole Def., Docket No. [6].  The individual Federal Defendants argued in their

motion that the United States should be substituted as the sole defendant by virtue of the Westfall

Certification and that once such substitution was made, the action must be dismissed — both

because the United States has not waived its sovereign immunity under the FTCA for defamation

claims and because Plaintiff has not alleged timely exhaustion of his administrative remedies as required under the FTCA.  *See generally* Defs.' Mot. to Dismiss and Mot. to Substitute the United States as the Sole Def.

Before the Court had an opportunity to consider the individual Federal Defendants' motion, the Plaintiff filed an Amended Complaint.  *See* Am. Compl.  The Amended Complaint makes two primary changes.  First, Plaintiff substituted the United States as the sole defendant in this litigation pursuant to 28 U.S.C. § 2679(d).  *See id.*  Second, in addition to his claim for defamation, Plaintiff added a second claim for intentional infliction of emotional distress, alleging that he "suffered emotional distress" as a result of the individual Federal Defendants' defamatory statements.  *See id.* ¶¶ 12-17.

In consideration of the filing by Plaintiff of his Amended Complaint, the Court issued an Order on May 27, 2009, which: (1) denied as moot the individual Federal Defendants' Motion to Substitute the United States as Sole Defendant in light of Plaintiff's Amended Complaint, which named the United States as the sole defendant in this action; and (2) denied without prejudice the individual Federal Defendants' Motion to Dismiss, as it was directed at Plaintiff's initial complaint, which was no longer the operative pleading.  *See* 5/27/09 Order, Docket No. [11].  In addition, the Order provided the United States with an opportunity to file a renewed Motion to Dismiss as against Plaintiff's Amended Complaint, if it deemed it appropriate.  *See id.*

Pursuant to the Court's May 27, 2009 Order, the United States filed a renewed Motion to Dismiss, or in the Alternative, for Summary Judgment.  *See* Def.'s MTD/MSJ, Docket No. [13].  As set forth therein, the United States argues that Plaintiff's suit must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and/or Rule 12(b)(6) for failure to state a claim.

Alternatively, the United States asserts that the Court should enter summary judgment in its favor pursuant to Rule 56.  In support of its motion, the United States makes two principal arguments. First, the United States argues that it has not waived its sovereign immunity for Plaintiff's claims, which are based on and arise out of allegedly defamatory statements.  Second, the United States contends that Plaintiff has not alleged the timely exhaustion of administrative remedies as required under the FTCA.

Plaintiff responded by filing both an Opposition to the United States' motion, *see* Pl.'s Opp'n, Docket No. [18], and a Motion for Leave to Amend the Amended Complaint and for Transfer to the Superior Court of the District of Columbia, *see* Pl.'s Mot. for Leave to Amend and for Transfer to Sup. Ct. of D.C., Docket No. [17] (hereinafter, "Pl.'s Mot. to Amend").[3]  As set forth therein, Plaintiff asserts that he "originally sought and still seeks only to sue the individual defendant's [*sic*] individually for defamatory/libelous statements made outside their employment obligations."  Pl.'s Mot. to Amend ¶ 2.  Although his Amended Complaint substituted the United States as the sole defendant in this action, Plaintiff asserts that he did so based on the mistaken understanding that the Court had already ordered the United States to be substituted as defendant in this litigation.  *See id.* ¶¶ 3-4; *see also generally* Pl.'s Opp'n.  According to Plaintiff, he did not intend to concede that substitution of the United States as defendant is appropriate.  *See id.* ¶¶ 3-4; *see also generally* Pl.'s Opp'n.

---

[3] Pursuant to the D.C. Circuit's decisions in *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) and *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court had previously issued an Order advising Plaintiff that the United States had filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and that, if Plaintiff failed to timely respond to the motion, the Court would consider the United States' Renewed Motion to Dismiss, or in the Alternative, for Summary Judgment conceded.  6/11/09 Order, Docket No. [14].

Moreover, Plaintiff now argues that the Westfall Certification is, in fact, improper because "[i]t is not part of an employee's duties to make false, defamatory statements," such that the individual Federal Defendants were "act[ing] outside the scope of their employment duties" when they made the allegedly defamatory statements against Plaintiff. *See* Pl.'s Mem. in Support of his Opp'n ¶ 17. Plaintiff concludes that the United States was therefore improperly substituted as defendant, and he requests leave to amend his complaint in order to "restore[] the original individual defendants" and to permit "transfer [of this action] to [the] Superior Court as a simple defamation case, as intended." Pl.'s Mot. to Amend, ¶ 5. The Court notes that Plaintiff has not otherwise responded to the United States' arguments that this case should be dismissed for lack of subject matter jurisdiction and/or for failure to state a claim, assuming the United States has been properly substituted as the sole defendant. Instead, Plaintiff focuses solely on the propriety of the Westfall Certification. *See generally* Pl.'s Opp'n; Pl.'s Mot. to Amend.

The United States filed a Reply in Support of its Renewed Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, and Opposition to Plaintiff's Motion to Amend. *See* Def.'s Reply/Opp'n, Docket Nos. [20] & [21]. In so doing, the United States argues that Plaintiff has failed to allege sufficient facts that, if true, would rebut the Westfall Certification in this case. Accordingly, the United States asserts that the substitution of the United States and the conversion of this action into a FTCA suit was appropriate. *See generally id.* Plaintiff declined to file any reply in support of his Motion to Amend. As briefing is now complete, the parties' motions are ripe for the Court's resolution and review.

## II.  LEGAL STANDARDS

The United States has moved for dismissal of this case pursuant to Rule 12(b)(1) and/or

Rule 12(b)(6) and, in the alternative, for summary judgment pursuant to Rule 56.  For the reasons

set forth below, the Court finds that the parties' arguments are more appropriately evaluated under

Rule 12(b)(1).  Accordingly, the Court treats the United States' motion as a motion to dismiss

pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, and does not reach the United

States' arguments in the alternative that Plaintiff's claims must be dismissed under Rule 12(b)(6) for

failure to state a claim or that the United States is entitled to summary judgment under Rule 56.

     *A.*     *Motion to Dismiss Pursuant to Rule 12(b)(1)*

     A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule

12(b)(1).  In so doing, the Court may "consider the complaint supplemented by undisputed facts

evidenced in the record, or the complaint supplemented by undisputed facts plus the court's

resolution of disputed facts." *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198

(D.C. Cir. 2003) (citations omitted).  *See also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*,

402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the

pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."); *Vanover v.*

*Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002) ("[W]here a

document is referred to in the complaint and is central to plaintiff's claim, such a document attached

to the motion papers may be considered without converting the motion to one for summary

judgment.") (citing *Greenberg v. The Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)).  "At

the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed

with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of

fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005).  In spite of the

favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden

to prove subject matter jurisdiction by a preponderance of the evidence.  *Am. Farm Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

  B.  *Motion for Leave to Amend Complaint*

  Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleadings after a responsive pleading has been served only with the opposing party's written consent or the court's leave.  FED. R. CIV. P. 15(a)(2).  The decision whether to grant leave to amend a complaint is within the discretion of the district court, but leave "should be freely given unless there is a good reason, such as futility, to the contrary."  *Willoughby v. Potomac Elec. Power Co.,* 100 F.3d 999, 1003 (D.C. Cir. 1996) (internal citations omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

### III.  DISCUSSION

  As presented by the parties, the key question now before the Court is whether the United States is the proper defendant in this litigation.  If so, the United States argues, and Plaintiff appears to concede, that Plaintiff's claims for defamation and intentional infliction of emotional distress must be dismissed for lack of subject matter jurisdiction — both because the United States has not waived its sovereign immunity for Plaintiff's claims and because Plaintiff has not alleged timely exhaustion of his administrative remedies as required under the FTCA.  Accordingly, the Court shall

turn first to consider whether the United States is the proper defendant before then turning to the

parties' remaining arguments.

      *A.*      *The United States is the Proper Defendant*

The Court turns first to consider whether the United States is properly substituted as the sole

defendant in this case.  As an initial matter, the United States asserts that this "Court has <u>already</u>

ruled that the United States was substituted as the proper Defendant in this matter," such that this

issue has been definitively resolved in the United States' favor.  Def.'s Reply at 3-4 (emphasis in

original).  The Court disagrees.  As explained above, the individual Federal Defendants initially

filed a motion seeking to substitute the United States as the sole defendant in this action.  Because

Plaintiff subsequently filed an Amended Complaint, which itself appeared to substitute the United

States as the sole defendant, the Court denied the individual Federal Defendants' motion as moot in

light of the Amended Complaint.  *See* 5/27/09 Order.  Contrary to the United States' assertion, the

Court did not reach the merits of the individual Federal Defendants' motion seeking substitution of

the United States as the sole defendant in this action.

Plaintiff has now explained that he did not intend to concede this issue by substituting the

United States as defendant in his Amended Complaint, but rather did so based upon his mistaken

belief that the Court had already ruled on this issue.  Pl.'s Mot. to Amend ¶¶ 3-4; *see also generally*

Pl.'s Opp'n.  Although, as the United States correctly notes, Plaintiff failed to directly challenge the

Court's May 27, 2009 Order denying the individual Federal Defendants' motion for substitution as

moot — based on the Court's assumption that Plaintiff had conceded to substitution of the United

States as defendant — the Court shall nonetheless proceed to the merits of Plaintiff's argument at

this time, in consideration of Plaintiff's status as a *pro se* litigant.

1.      Absolute Immunity Under the Westfall Act

Turning then to the merits of the issue at hand, Congress enacted the Westfall Act to provide that federal officials are absolutely immune from state tort lawsuits for money damages when the official was acting within the scope of employment during the alleged incident. *Haddon v. United States*, 68 F.3d 1420, 1422-23 (D.C. Cir. 1995), *overruled on other grounds*, *Osburn v. Haley*, 549 U.S. 225 (2007). "Under the Westfall Act, an Attorney General or designee who believes that a federal employee was acting within the scope of employment at the time of the alleged incident may issue a certification to that effect."[4] *Id.* at 1423 (citing 28 U.S.C. § 2679(d)(2) and 28 C.F.R. § 15.3 (1995)). This certification has three consequences where, as here, the suit was originally filed by the plaintiff in state court under state tort law: (1) the Attorney General or designee is required to remove the lawsuit to the local federal court; (2) the United States is substituted for the federal employee as the sole defendant in the lawsuit; and (3) the lawsuit is converted into an action against the United States under the FTCA.   28 U.S.C. § 2679(d)(2); *see also Haddon*, 638 F.3d at 1423. Although certification under the Westfall Act is conclusive for purposes of removal, "it is *not* conclusive regarding substitution of the federal government;" rather, the substitution of the United States and the suit's conversion into a FCTA action are subject to judicial review. *Haddon*, 638 F.3d at 1423 (emphasis in original) (citing *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995)). That is, when challenged, the district court must independently determine whether the employee was acting within the scope of employment when the alleged incident occurred, such that

_____

[4] The Attorney General has delegated the authority to issue Westfall Certifications to the United States Attorney for the district where the civil action is brought.  28 C.F.R. § 15.4.  With respect to the District of Columbia, the United States Attorney has redelegated his authority under the Westfall Act to Rudolph Contreras, Chief of the Civil Division of the United States Attorney's Office for the District of Columbia.  *See* Westfall Certification.

substitution of the United States as the sole defendant is proper.

To determine whether an employee was acting within the scope of employment for purposes of the Westfall Act, a court applies the respondeat superior law of the state in which the alleged tort occurred. *Wilson v. Libby*, 535 F.3d 697, 711 (D.C. Cir. 2008). Accordingly, this Court must look to and apply District of Columbia law, which defines the scope of employment in accordance with the Restatement (Second) of Agency (1958) (hereinafter "Restatement"). *Id.* The Restatement provides in relevant part that:

> Conduct of a servant is within the scope of employment if, but only if:
>
> > (a) it is of the kind he is employed to perform;
> >
> > (b) it occurs substantially within the authorized time and space limits;
> >
> > (c) it is actuated, at least in part, by a purpose to serve the master, and
> >
> > (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

Restatement § 228(1); *see also Wilson*, 535 F.3d at 711. "'[T]he test for scope of employment is an objective one, based on all the facts and circumstances.'" *Counsel on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 663 (D.C. Cir. 2006) (per curiam) (quoting *Weinberg v. Johnson*, 518 A.2d 985, 991 (D.C. 1986)). "Although scope of employment is generally a question for the jury, it 'becomes a question of law for the court, however, if there is not sufficient evidence from which a reasonable juror could conclude that the action was within the scope of the employment.'" *Id.* (quoting *Boykin v. District of Columbia*, 484 A.2d 560, 562 (D.C. 1984)).

Importantly, the Westfall Certification itself "constitute[s] *prima facie* evidence that the employee was acting with the scope of his employment." *Id.* at 662 (citing *Kimbro v. Velten*, 30

F.3d 1501, 1509 (D.C. Cir. 1994)). *See also Wilson*, 535 F.3d at 711 ("The certification carries a rebuttable presumption that the employee has absolute immunity from the lawsuit and that the United States is to be substituted as the defendant."). Accordingly, a plaintiff seeking to challenge the United States' Westfall Certification "'bears the burden of coming forward with specific facts rebutting the certification.'" *Id.* (quoting *Stokes v. Cross*, 327 F.3d 1210, 1214 (D.C. Cir. 2003)). At the motion to dismiss stage, a plaintiff must therefore allege facts that, if true, would establish that the defendants were acting outside the scope of their employment. *Stokes*, 327 F.3d at 1215. "If a plaintiff meets this pleading burden, he may, if necessary, attain 'limited discovery' to resolve any factual disputes over jurisdiction." *Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009) (quoting *Stokes*, 327 F.3d at 1214, 1216). The D.C. Circuit has repeatedly made clear, however, "that '[n]ot every complaint will warrant further inquiry into the scope-of-employment issue.'" *Id.* (quoting *Stokes*, 327 F.3d at 1216)). "Consequently, where a plaintiff fails to allege sufficient facts to rebut the certification, the United States must be substituted as the defendant because the federal employee is absolutely immune from suit." *Id.* For the reasons set forth below, the Court finds that Plaintiff has failed to meet his burden to allege facts that, if true, would rebut the United States' Westfall Certification, and the United States is therefore properly substituted as the sole defendant in this action.

> 2.    The Individual Federal Defendants Were Acting Within the Scope of Employment

As there is no allegation of force in this case, only the first three factors of Restatement § 228 are at issue in this suit. The Court shall consider each in turn. In so doing, the "court must accept [Plaintiff's] factual allegations as true and construe the complaint liberally in his favor." *Id.* at 383.

a.     Whether the alleged conduct is of the kind the official is employed to perform.

"To qualify as conduct of the kind [the individual Federal Defendants were] employed to perform, the[ir] actions must have either been 'of the same general nature as that authorized' or '*incidental* to the conduct authorized.'"   *Haddon*, 68 F.3d at 1424 (quoting Restatement (Second) § 229) (emphasis added by D.C. Circuit).   "Conduct is 'incidental' to an employee's legitimate duties if it is 'foreseeable.'"   *Id.*   For conduct to qualify as foreseeable where, as here, the plaintiff has alleged an intentional tort, the claimed tortious conduct "must be 'a direct outgrowth of the employee's instructions or job assignment.'"   *Id.* (quoting *Boykin*, 484 A.2d at 562).   Review of the relevant precedent confirms that the term "incidental" must be construed broadly in this context. *See, e.g.*, *Johnson*, 434 A.2d at 409 (holding that a reasonable juror could find that a laundromat employee's assault on a customer during a dispute concerning missing shirts was foreseeable); *Lyon v. Carey*, 533 F.2d 649, 652 (D.C. Cir. 1976) (holding that a jury reasonably could find that a mattress deliveryman's assault on a customer following a delivery-related dispute was a "foreseeable altercation"); *cf. Stokes*, 327 F.3d at 1216 (observing that District of Columbia law "liberally construes" this first prong).

In this case, the individual Federal Defendants were not only authorized but were required to cooperate and assist with EEO investigations.   *See* LCR 2010-3.1, § 8.F ("In carrying out their responsibilities under [] Section  [8: Investigations of Complaints], the Assistant Chief, Officers, Investigators, and Library officials shall have the full cooperation of all staff, and all shall be free from restraint, interference, coercion, and/or reprisal in connection with the performance of these duties.").   Moreover, their allegedly defamatory statements solely relate to Plaintiff's conduct at

14

work.  That is, the statements of which Plaintiff complains, as set forth in his pleadings, consist

entirely of the individual Federal Defendants' views — albeit unfavorable — of Plaintiff's work

performance.  *See supra* at p. 4.  The Court therefore concludes that the individual Federal

Defendants' participation in the EEO investigation was authorized conduct and that any allegedly

defamatory statements to the EEO investigator were *incidental* to that authorized conduct, such that

this first prong is satisfied.

Indeed, courts have routinely found that a federal employee's statements made during

analogous government investigations fall within the scope of an employee's duties — even when the

statements are allegedly false or defamatory.  *See, e.g., Klugel v. Small*, 519 F. Supp. 2d 66, 74

(D.D.C. 2007) (finding that federal employees were acting in the scope of employment when they

made allegedly defamatory statements to the agency's inspector general during an investigation into

plaintiff's improper use of official travel); *Hosey v. Jacobik*, 966 F. Supp. 12, 14-15 (D.D.C. 1997)

(finding that federal employee's allegedly defamatory statements to investigator during a

government security clearance investigation were made within the scope of employment); *Brumfield*

*v. Sanders*, 232 F.3d 376, 380-81 (3rd Cir. 2000) (finding under the Restatement (Second) of

Agency that employees were acting within the scope of employment when they made allegedly false,

defamatory statements about plaintiff to government investigator during investigation regarding

plaintiff's unprofessional conduct).

Plaintiff's only argument to the contrary is his claim that "[i]t is not part of an employee's

duties to make false, defamatory statements," such that the individual Federal Defendants therefore

"acted outside the scope of their employment duties in making" the allegedly defamatory statements.

Pl.'s Mem. in Support of his Opp'n ¶ 17.  This argument has been explicitly rejected by the D.C.

Circuit.  *See Council on Am. Islamic Relations*, 444. F.3d at 664 (rejecting argument that the

Westfall Certification was improper in defamation action because the defamatory statement itself is

not conduct of the kind an employee is hired to perform).  In so doing, the D.C. Circuit made clear

that the inquiry under this first prong properly "'focuses on the underlying dispute or controversy,

not on the nature of the tort, and is broad enough to embrace any intentional tort arising out of

[conduct] that was originally undertaken on the employer's behalf.'"  *Id.* (quoting *Johnson*, 518

A.2d at 992)).  Accordingly, the question now before the Court is whether the individual Federal

Defendants' statements to the EEO investigator — not the allegedly defamatory statements made

therein — were the kind of conduct they were employed and authorized to perform.  *See id.* at 664.

Plaintiff's argument to the contrary "rests on a misunderstanding of D.C. scope-of-employment law

(not to mention the plain text of the Westfall Act), which directs courts to look beyond the alleged

intentional torts themselves."  *Id.*  As explained above, the individual Federal Defendants'

participation in the EEO investigation was the kind of conduct they were authorized to perform, and

their statements to the EEO investigator — even if false— were incidental to that authorized

conduct.  The Court therefore finds that this first prong has been satisfied.

        b.        Whether the alleged conduct occurred substantially within the
                        authorized time and space limits.

      Plaintiff's pleadings in this case are entirely devoid of any allegations that the defamatory

statements at issue were made to the EEO investigator outside of the Library or outside of normal

working hours.  *See generally* Am. Compl.  Accordingly, the second Restatement factor is satisfied.

*See Myvett v. Williams*, 638 F. Supp. 2d 59, 67 (D.D.C. 2009) ("Because the plaintiff fails to allege

that the defendants' conduct occurred outside of [the government agency] or outside of normal

16

working hours, the criterion that conduct 'occur[] substantially within the authorized time and space limits' is met.").

        c.        Whether the alleged conduct was actuated, at least in part, by a purpose to serve the master.

The Court turns finally to consider whether the individual Federal Defendants' conduct was actuated, at least in part, by a purpose to serve the Library.  As the D.C. Circuit has made clear, "even a *partial* desire to serve the master is sufficient" to satisfy this final prong.  *Council on Am. Islamic Relations*, 444. F.3d at 664 (emphasis in original).  In this case, the individual Federal Defendants spoke with the EEO investigator pursuant to their employer's instructions to fully cooperate with any EEO investigation, and their allegedly defamatory statements focused solely on purported problems with Plaintiff's work performance.  Morever, their statements supported the Library's position that the Plaintiff had been involuntarily separated for a legitimate, non-discriminatory reason (*i.e.*, work performance problems).  Thus, their statements appear to have been motivated, at least in part, by the employees' desire to serve the Library.  Plaintiff, for his part, has failed to plead any allegations that the individual Federal Defendants' conduct was not motivated in any way by a desire to serve the Library.  *See generally* Am. Compl.  Accordingly, the Court finds that this third prong is satisfied as well.

In summary, the Court finds that Plaintiff has failed to proffer facts that, if true, are sufficient to rebut the United States' Westfall Certification.  Accordingly, the Court concludes that the individual Federal Defendants acted within the scope of employment when they made the allegedly defamatory statements to the EEO investigator; the United States was properly substituted as the sole defendant in this action; and Plaintiff's claims are appropriately evaluated under the FCTA.

Given this conclusion, the Court finds that Plaintiff's request for leave to amend his complaint to "restore[] the original individual defendants" and to permit "transfer [of this action] to [the] Superior Court as a simple defamation case," *see* Pl.'s Mot. to Amend, ¶ 5, is futile.  Plaintiff's [17] Motion for Leave to Amend the Amended Complaint and for Transfer to the Superior Court of the District of Columbia is therefore DENIED.[5]

> B.     *The Court Lacks Subject Matter Jurisdiction Over Plaintiff's FTCA Claims*

Having determined that this action is properly brought under the FTCA, the Court now turns to the merits of the United States' argument that the case must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  Specifically, the United States moves for dismissal on two grounds.  First, the United States argues that Plaintiff's defamation and intentional infliction of emotional distress claims must be dismissed because the United States has not waived its sovereign immunity for such claims.  Second, the United States argues that Plaintiff's claims must be dismissed as he has not alleged the timely exhaustion of administrative remedies as required under the FTCA.

Significantly, Plaintiff has not responded to the United States' substantive arguments in favor of dismissal, instead focusing only on the appropriateness of the Westfall Certification.  As the Court previously advised Plaintiff, failure to respond to the United States' arguments may result in the Court deeming its motion as conceded.  *See* 6/11/09 Order, Docket No. [14].  *See also Hopkins*

---

[5] The Court notes that even it if were to find that the Westfall Certification was not appropriate, the Supreme Court has made clear that the Court is without authority to remand a removed action on the ground that the Westfall Certification was erroneous.  *Osborn v. Haley*, 549 U.S. 225, 243 (2007) ("Congress has barred a district court from passing the case back to the state court where it originated based on the court's disagreement with the Attorney General's scope-of-employment determination.").

*v. Women's Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd* 98

Fed. Appx. 8 (D.C. Cir. 2004) ("It is well understood in this Circuit that when a plaintiff files an

opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a

court may treat those arguments that the plaintiff failed to address as conceded.").  Nonetheless,

cognizant of Plaintiff's *pro se* status, the Court shall exercise its discretion and consider the merits

of the United States' motion to dismiss.  For the reasons set forth below, the Court ultimately

concludes that this case must be dismissed for lack of subject matter jurisdiction because the United

States has not waived its sovereign immunity and, alternatively, because Plaintiff has not alleged

exhaustion of his administrative remedies.

      **1.**      <u>The United States Has Not Waived Sovereign Immunity Over Plaintiff's Claims</u>

      The FTCA "grants federal district courts jurisdiction over claims arising from certain torts

committed by federal employees in the scope of their employment, and waives the government's

sovereign immunity from such claims."  *Sloan v. Dep't of Housing & Urban Dev.*, 236 F.3d 756,

759 (D.C. Cir. 2001) (citing 28 U.S.C. §§ 1346(b), 2674).  However, "[t]he grant of jurisdiction and

waiver of immunity are subject to a number of express exceptions."  *Id.* (citing 28 U.S.C. § 2680).

Claims that fall under one of the enumerated exceptions to the FTCA must be dismissed for lack of

subject matter jurisdiction.  *Id.*  Under one such exception, sovereign immunity is not waived with

respect to "[a]ny claim arising out of . . . libel, slander, misrepresentation, [or] deceit."  28 U.S.C. §

2680(h).  Accordingly, Plaintiff's claim for defamation must be dismissed for lack of subject matter

jurisdiction.  *See Council on Am. Islamic Relations*, 444. F.3d at 666 (dismissing defamation action

under the FTCA for lack of subject matter jurisdiction); *see also Wuterich*, 562 F.3d at 234 (same).

Similarly, Plaintiff's claim for intentional infliction of emotional distress must also be dismissed for lack of subject matter jurisdiction because it "arise[s] out of . . . libel, slander, misrepresentation, [or] deceit." 28 U.S.C. § 2680(h).  As set forth in Plaintiff's Amended Complaint, this claim is based on allegations that he "suffered emotional distress" as a result of the individual Federal Defendants' defamatory statements.  *See* Am. Compl. ¶¶ 12-17.  "Claims, no matter how they are described by a plaintiff, based on dissemination of defamatory information pertaining to a federal investigation are barred by the libel/slander exemption."  *Edmonds v. United States*, 436 F. Supp. 2d 28, 35 (D.D.C. 2006) (citing *Kugel v. United States*, 947 F.2d 1504, 1506-07 (D.C. Cir. 1991)).  Accordingly, "[i]n assessing the nature of [Plaintiff's] claim," the Court "must scrutinize the alleged cause of his injury."  *Kugel*, 947 F.2d at 1507.  Where, as here, the alleged injury was purportedly caused by defamatory statements, the claim is exempted under the FTCA. *See id.* (concluding that plaintiff's suit, although framed as a negligence action, sounded in defamation and was therefore exempt under the FTCA).  Plaintiff's claim for intentional infliction of emotion distress must therefore be dismissed for lack of subject matter as well.

## 2. The Plaintiff Has Not Alleged Exhaustion of His Administrative Remedies

Alternatively, the Court finds that Plaintiff's claims must be dismissed for failure to exhaust his administrative remedies.  In order to bring suit under the FTCA, a claimant must first exhaust his or her administrative remedies.  Specifically, section 2675(a) provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or . . . or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the

claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).  The plain language of the FTCA therefore bars a plaintiff from filing suit before he or she has exhausted these administrative remedies.  *McNeil v. United States*, 508 U.S. 106, 112 (1993) ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies *before* invocation of the judicial process.") (emphasis added).  Here, Plaintiff has not pled that he exhausted his administrative remedies nor has he contested the United States' assertion that he failed to do so as required under the FTCA.  This Court therefore lacks subject matter jurisdiction over Plaintiff's FTCA claims.  Accordingly, the United States' Motion to Dismiss the instant action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is GRANTED, and this case is dismissed in its entirety.

## IV.  CONCLUSION

For the reasons set out above, the United States' [13] Motion to Dismiss for lack of subject matter pursuant to Federal Rule of Civil Procedure 12(b)(1) is GRANTED, and Plaintiff's [17] Motion for Leave to Amend the Amended Complaint and for Transfer to the Superior Court of the District of Columbia is DENIED.  This case is dismissed in its entirety.  An appropriate Order accompanies this Memorandum Opinion.

Date:   November 16, 2009

                                        ___/s/_____
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge

21