UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WAYNE B. UPSHAW,<br><br>    *Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    *Defendant*. | Civil Action No. 09-00664 (CKK) |

**MEMORANDUM OPINION**
(December 9, 2010)

      This action was dismissed in its entirety and administratively closed on November 16, 2009. *See* Order (Nov. 16, 2009), Docket No. [23]. Plaintiff, with the United States' consent, now seeks to re-open the case solely to place the entirety of this action under seal and to remove one of the Court's public decisions from its website. *See* Pl.'s Consent Mot. for Leave to Reopen & Seal the Case ("Pl.'s Mot."), Docket No. [26]. For the reasons set forth below, Plaintiff's motion is totally lacking in merit and shall be DENIED.

**I. BACKGROUND**

      Plaintiff originally commenced this suit as a state-law tort action against three individuals in the Superior Court for the District of Columbia. *See* Compl., Docket No. [1]. Subsequently, the United States was substituted as the sole defendant, the action was converted into one brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*, and the case was removed to this Court. *See* Not. of Removal, Docket No. [1]; Am. Compl., Docket No. [10]. Shortly thereafter, the United States filed a Motion to Dismiss. *See* Def.'s Renewed Mot. to Dismiss, or in the Alternative, for Summ. J., Docket No. [13]. On November 16, 2009, the Court granted the United States' Motion to Dismiss and dismissed the action in its entirety. *See* Order (Nov. 16,

2010), Docket No. [23]. Accompanying the Court's Order was twenty-one page Memorandum Opinion (the "Memorandum Opinion") explaining the basis for the decision. *See* Mem. Op. (Nov. 16, 2010), Docket No. [24]. Unsurprisingly, in the course of resolving the motion, the Court cited to various allegations from Plaintiff's Complaint. *See generally id.*

Over nine months later, on August 17, 2010, Plaintiff filed the present Motion to Seal. *See generally* Pl.'s Mot. Hardly the model of artful drafting, Plaintiff appears to seek an order that the entirety of this action be placed under seal, *id.* at 1, which the Court shall construe as a request that the public docket and all its contents be sealed. Despite the breadth of Plaintiff's request, Plaintiff's concern (so far as the Court can tell) is directed primarily towards two specific documents: the Complaint and the Memorandum Opinion. Plaintiff specifically refers to "the sensitive nature of the allegations in the Complaint," and requests that the Memorandum Opinion "be removed from the Court's web site," as searches for his name in Internet search engines "bring[] up this case . . . which has been and could continue to be detrimental to" his ability to secure employment in the future. *Id.*

## II. LEGAL STANDARD

"[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *United States v. Hubbard*, 650 F.2d 292, 316-17 (D.C. Cir. 1980) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)) (notations in original). "[T]he starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *EEOC v. Nat'l Children's Ctr. Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C.

Cir. 1991)). In *Hubbard*, the D.C. Circuit Court of Appeals identified six factors that should be considered in determining whether a movant has shown sufficiently compelling circumstances to overcome the presumption in favor of public access:

(1) The need for public access to the documents at issue;

(2) The extent of previous public access to the documents at issue;

(3) The fact that someone has objected to disclosure, and the identity of that person;

(4) The strength of any property or privacy interests asserted;

(5) The possibility of prejudice to those opposing disclosure; and

(6) The purposes for which the documents were introduced during the judicial proceedings.

*Hubbard*, 650 F.2d at 317-22; *see also Zapp v. Zhenli Ye Gon*, __ F. Supp. 2d __, 2010 WL 4260531, at *2 (D.D.C. Oct. 28, 2010) (outlining standard governing motions to seal).

### III. DISCUSSION

Through the present motion, Plaintiff seeks an order sealing the entirety of this action, including the Complaint and the Memorandum Opinion, in light of the purportedly "sensitive nature" of the allegations involved and the effect disclosure may have on Plaintiff's ability to secure future employment. As set forth in greater detail below, the Court concludes that the balance of the *Hubbard* factors is decisively against granting the breathtakingly broad relief requested by Plaintiff.

    A. *The Need for Public Access to the Documents*

Public access to judicial records is "fundamental to a democratic state" and "serves the

important functions of ensuring the integrity of judicial proceedings in particular and of the law enforcement process more generally." *Hubbard*, 650 F.2d at 315 & n.79; *see also Nixon*, 435 U.S. at 597 (recognizing a common law right to view court documents). Plaintiff asserts, in conclusory fashion, that "because the case relates solely to private matters, the public has no need to access the Complaint." Pl.'s Mot. at 2. Plaintiff, quite simply, misconstrues the relevant inquiry and completely ignores the strong public interest in the openness of judicial proceedings, which exists irrespective of whether the proceedings at issue relate to disputes among private litigants.

Moreover, Plaintiff has made no attempt to address the need for public access to each and every document on the public docket and, because his motion is targeted towards sealing the "entirety of the case," this failure is fatal. Indeed, Plaintiff has specifically identified only two documents that he contends contain either "sensitive" information or material potentially deleterious to his ability to secure future employment. One of those documents – the Complaint – is specifically referred to and relied upon in the Court's public decision and the second – the Memorandum Opinion – *is* the Court's public decision. The presumption in favor of public access is strongest when "the documents at issue [are] . . . specifically referred to in a trial judge's public decision," *Nat'l Children's Ctr.*, 98 F.3d at 1409 (quoting *Hubbard*, 650 F.2d at 318), and Plaintiff has fallen woefully short of establishing circumstances that would justify overcoming the presumption in this case.

For these reasons, the Court concludes that the first *Hubbard* factor – the need for public access to the documents at issue – weighs heavily against granting the relief requested.

B.  *Previous Public Access to the Documents*

"Previous [public] access is a factor which may weigh in favor of subsequent [public] access." *Hubbard*, 650 F.2d at 318.  Plaintiff avers (through the unsworn representation of his counsel) that "[t]he case has not been shared by either party with any third parties, and neither party has reason to believe that it has been accessed by any third parties."  Pl.'s Mot. at 2.  Plaintiff again misconstrues the relevant inquiry and, moreover, his argument runs counter to fact.

The first document appearing on the public docket in this action – the Complaint – was filed in this action on April 9, 2009, and has therefore been publicly available for one year and eight months (and it was filed in the Superior Court two months earlier).  The last document appearing on the public docket (excepting the present motion) – the Memorandum Opinion – was posted on November 16, 2009 and appeared on the Court's website the same day, meaning that it has been publicly available for well over a year.

In the time since it was first issued, the Memorandum Opinion (and its references to allegations in the Complaint) has been published in the Federal Supplement, a case law reporter that compiles select opinions from the United States District Courts.  *See Upshaw v. United States*, 669 F. Supp. 2d 32 (D.D.C. 2009).  Indeed, as of today, two other judges in this District have cited the Memorandum Opinion as authority in subsequent proceedings.  *See Johnson v. Sullivan*, __ F. Supp. 2d __, 2010 WL 4340856, at *11 n.6 (D.D.C. Oct. 29, 2010); *Geronimo v. Obama*, __ F. Supp. 2d __, 2010 WL 2947052, at *3 n.3 (D.D.C. July 27, 2010).  The Court cannot unring this bell.

In light of the extended history of public access to the documents at issue, their

5

publication in a widely distributed case law reporter, and their role in subsequent public judicial proceedings, the Court concludes that the second *Hubbard* factor – previous public access to the documents – weighs heavily against granting the relief requested.

> C.   The Strength of the Property or Privacy Interests Involved and the Possibility of Prejudice

The third, fourth, and fifth *Hubbard* factors are interrelated, and require courts to look at the strength of the property and privacy interests involved, and to take into account whether anyone has objected to public disclosure and the possibility of prejudice to that person.[1] The fact that a party moves to seal the record weighs in favor of the party's motion. *See Nat'l Children's Ctr.*, 98 F.3d at 1410 (finding that "only one *Hubbard* factor counsels in favor of sealing the consent decree—the fact that the [movant] has objected to the disclosure."). However, because there will necessarily be a party objecting to disclosure whenever a court is faced with a motion to seal, the inquiry does not end there: the district court must assess whether that party would be prejudiced by disclosure. It is here that Plaintiff's claim fails.

At the outset, the Court notes the cursory manner in which Plaintiff asserts and describes his purported interest in sealing the entirety of the public docket in this action. Plaintiff's entire discussion of the "strength" of his interests is contained in a two-sentence paragraph, in which Plaintiff does not quantify, provide evidence for, or otherwise support his characterization of his interests as "substantial." *See* Pl.'s Mot. at 3. Such a cursory argument hardly warrants serious

---

[1] A court may also consider whether any party has argued in favor of continued disclosure. In this case, the United States has consented to Plaintiff's motion as part of a settlement reached by the parties, *see* Pl.'s Mot. Ex. 1 (Settlement Agreement) ¶ 3, but has not sought to introduce any authority or argument in support of the relief requested. Unsurprisingly, no third party has attempted to intervene in this action for the sole purpose of opposing Plaintiff's motion.

attention. *See, e.g.*, *Wash. Legal Clinic for the Homeless v. Barry*, 107 F.3d 32, 39 (D.C. Cir. 1997) ("Because the District raises this issue in a cursory fashion, we decline to resolve it") (internal quotation marks omitted).

In any event, while Plaintiff suggests that the continued disclosure of the contents of his case may "impair" his ability to secure employment in the future, Pl.'s Mot. at 3, so styled, the "prejudice" has less to do with the contents of the documents themselves than *the fact* that Plaintiff commenced suit in the first place. The Court, quite simply, is neither empowered nor inclined to delete the fact of this litigation from the pages of history. Meanwhile, to the extent Plaintiff intends to suggest that the "sensitive allegations" described in the Complaint and referenced in the Memorandum Opinion (as opposed to the fact of litigation itself) may prejudice him in finding future employment, he has failed to identify the allegations at issue or even describe them with a sufficient level of generality that would permit the Court to venture an educated guess. Nor has Plaintiff made any attempt to adduce competent evidence that his efforts to find alternative employment have in some way been damaged in the nearly two years since he first commenced this action and the year since the Court issued its Memorandum Opinion. Indeed, Plaintiff does not even submit a declaration indicating that he has been unable to find suitable employment.

For all these reasons, the Court concludes that the third, fourth, and fifth *Hubbard* factors – the strength of the interests involved, the fact that someone has objected to the disclosure, and the possibility of prejudice – do not weigh in favor of granting the relief requested.

    D.    *The Purposes for Which the Documents Were Introduced*

Finally, Plaintiff suggests that the sixth *Hubbard* factor – the purposes for which the

documents were introduced – weighs in his favor because the parties have entered into a settlement agreement, and therefore there is no further need for this case to remain a matter of public record. Pl.'s Mot. at 4. Largely neglecting the reason for which the documents were initially introduced, Plaintiff again misunderstands the relevant inquiry.

As before, Plaintiff makes no attempt to justify the relief sought for the vast majority of documents on the public docket. Instead, he references only the Complaint, which he contends was filed to "clear [his] name." *Id.* But Plaintiff voluntarily commenced a public proceeding to air his dispute, and invoked the jurisdiction of this Court to do so. The filing of the Complaint was a necessary step in that process, and the mere fact that Plaintiff may have subsequently managed to secure a settlement in connection with his dispute does not alter that conclusion. Meanwhile, while the Memorandum Opinion was, in the first instance, designed to explain the basis for its decision concerning the immediate dispute between the parties, the reasons for its initial disclosure are broader, and extend to the fundamental and undeniable interest in ensuring the integrity of judicial proceedings. Simply put, open and transparent judicial decision-making is essential to furthering this end. It is also the basic premise underlying a judicial system, such as ours, dependent upon the development of legal precedent through the public issuance of court decisions.

For these reasons, the Court concludes that the sixth *Hubbard* factor – the purposes for which the documents were introduced – weighs against granting the relief sought.

### IV. CONCLUSION

After weighing the six *Hubbard* factors, the Court concludes that balance of the six factors is heavily against granting the relief sought. In light of "the strong presumption in favor

of public access to judicial proceedings," *Johnson*, 951 F.2d at 1277, the Court shall DENY [26] Plaintiff's Consent Motion for Leave to Reopen and Seal the Case. An appropriate Order accompanies this Memorandum Opinion.

Date:   December 9, 2010

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge
